IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 11-01045 ESL |
| EDMIR RIVERA MOJICA | CHAPTER 13 |
| DEBTOR | |

**DEBTOR'S REPLY TO *TRUSTEE'S UNFAVORABLE REPORT ON POST CONFIRMATION MODIFIED PLAN*, DOCKET No. 52, AND DEBTOR'S MOTION REQUESTING EXEMPTION TO PAY GENERAL UNSECURED POOL OF B22C MEANS TEST DUE TO SPECIAL CIRCUNSTANCES**

**TO THE HONORABLE COURT:**

**COME NOW, EDMIR RIVERA MOJICA,** debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

1. The Chapter 13 Trustee filed an unfavorable report on post confirmation modified Plan, docket no. 52.

2. On March 11, 2016, this Honorable Court issued an Order, docket no. 53, granting debtor fourteen (14) days within to reply to the aforestated Trustee's unfavorable recommendation.

3. On March 29, 2016, this Honorable Court granted debtor's request for an extension of time to file a reply to the Trustee's unafavorable report, at docket entry #56.

4. On April 12, 2016, this Honorable Court issued an *Order*, docket entry no. 58, as follows:

> "Upon the Chapter 13 Trustee's unfavorable recommendation (docket #52) and the debtor having failed to reply to the same, as ordered by this Court, the debtor motion for post confirmation modification under Section 1329 dated 3/8/2016 (docket #50) is hereby denied." **ORDER**, dated April 12, 2016, docket entry no. 58.

Page -2-
Debtor's Reply to Trustee's Unfavorable Report
Case no. 11-01045 ESL13

5. On this same date, April 19, 2016, the debtor filed a motion requesting this Honorable Court to set aside the aforestated Order, docket entry #58, to allow the debtor to reply to the Chapter 13 Trustee's unfavorable recommendation for debtor's proposed post confirmation modified Plan.

6. In his unfavorable recommendation, docket entry #52, the Trustee objects to the debtor's modified Plan basically stating that the debtor owes the Trustee $2,100.00 in Plan arrears and, that the "means test pool" requires that the debtor's Plan distribute $32,578.20 and the proposed modified Plan provides for a $1,327.36 distribution to the general unsecured creditors.

7. Concerning the Plan arrears, the debtor will cure the same within the next thirty (30) days ($2,100) in order to complete the proposed Plan base of $32,000, pursuant to the 03/08/2016 post confirmation modified Plan.

8. Concerning the "pool" issue raised by the Chapter 13 Trustee in his unfavorable report, the debtor respectfully submits that in the present case, a $32,578.20 "pool" results from the "look back" period under the means test, 11 USC Section 101(10A), which takes into account a "vacations and sick leave" excess liquidation in the sum of $9,374.19 which the debtor received during said 6-month period, and which "inflated" the debtor's income during said period of time.

9. The debtor respectfully submits that this additional liquidation income was received as "liquidation" of debtor's accumulated vacations and sick leave excess which sum is not part of debtor's salary. It is to be noted that after the $9,374.19 payment received by the debtor on 10/15/2010, the debtor did not receive another liquidation of any excess/accumulated vacations and sick leave during the life of the Plan until April 15, 2015 ($969.23) and on November 30, 2015 ($553.85). See attached copy of debtor's employer statement, dated April 14, 2016, to these effects.

Page -3-
Debtor's Reply to Trustee's Unfavorable Report
Case no. 11-01045 ESL13

10. Pursuant to the *Opinion and Order* issued by this Court in the case of *In re Miranda*, Bankr. Court D. Puerto Rico, 10-00641 ESL13, the Court adopted the language of *Hamilton v. Lanning*, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010), whereby it was held that a bankruptcy court must use the forward looking approach (rather than the mechanical approach) when calculating a debtor's "projected disposable income," to account for changes in the debtor's income and/or expenses that are known or almost certain at the time of confirmation. *In re Miranda, Opinion and Order*, at page 5, Bankr.Court D. Puerto Rico, 10-00641 ESL13.

11. Furthermore, the First Circuit Bankruptcy Appellate Panel resolved that when a debtor's "current monthly income" is not substantially the same as the actual current income at the time of the Plan confirmation, the income component of "projected disposable income" under the *Bankruptcy Abuse Prevention and Consumer Protection Act* (BAPCPA) is the anticipated actual income of the debtor, subject to the statutory income exclusions, during the Plan commitment period. <u>In Re Kibbe</u>, 361 B.R. 302 (1st Cir. Bap (N.H.), 2007).

12. Moreover, the First Circuit established that "projected" disposable income is forward looking and that Courts should look to schedules I and J when debtor's "current monthly income" amount is not true to the debtor's actual income. <u>In Re Kibbe</u>, 361 B.R. 312.

13. In the present case, debtors' actual income is less than the "current monthly income" as set forth on Form B22C, since the $9,374.19 payment for accumulated vacations and sick leave amount received on October 15, 2010, within the 6-months determination period and prior to the filing of the present case, was not regularly received during the life of the Plan (except for the 2015 $1,523.08 payment). Therefore, it is impossible for the debtor to pay the general unsecured pool

Page -4-
Debtor's Reply to Trustee's Unfavorable Report
Case no. 11-01045 ESL13

established by the B22C and an Order from this Honorable Court is needed to exempt the debtor from such payment.

**WHEREFORE**, based on the above stated, the debtor respectfully prays this Honorable Court grant this request to exempt the debtor to pay the B22C General Unsecured Pool, deny the Trustee's unfavorable report on confirmation, docket #52, and approve/confirm the debtor's proposed post confirmation modified Plan dated 03/08/2016, docket #50, in the above captioned case.

### NOTICE

Within Fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of the Court using the CM/ECF filing system which will send notice of the same to: the Chapter 13 Trustee, Alejandro Oliveras Rivera, Esq., and CM/ECF participants; I also certify that a copy of this motion was sent via US Mail to all CM/ECF non-participants and to the debtor, Edmir Rivera Mojica, Urb San Souci U 7 15 Street Bayamon PR 00957.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 19th day of April, 2016.

/s/Roberto Figueroa Carrasquillo
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
USDC #203614
ATTORNEY FOR DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL. 787 744-7699 FAX 787-746-5294
Email: rfigueroa@rfclaw.com



ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
Corporación del Fondo del Seguro del Estado

Oficina Central

## CERTIFICACION

En mi carácter oficial como Jefe de la División de Nómina de Recursos Humanos de la Corporación del Fondo del Seguro del Estado, certifico que el Sr. Edmir Rivera Mojica, número de Seguro Social xxx-xx-0872, devengó ingresos, durante el período comprendido por los años 2012 a 2016, por concepto de exceso de vacaciones regulares, conforme se detalla a continuación:

| Fecha de pago | Cantidad pagada |
|---|---|
| 15 de abril de 2015 | $969.23 |
| 30 de noviembre de 2015 | $553.85 |

Para que así conste, se expide la presente en San Juan, Puerto Rico, a los 14 días del mes de abril de 2016, conforme solicitado por el Sr. Rivera Mojica.

Certifico correcto,

María F. Toledo Crespo
Funcionario en Asuntos de Personal II
Nómina

mro

PO Box 365028
San Juan, PR 00936-5028
Tel. (787) 793-5959

CFSE